IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-1601-FL

| | |
|---|---|
| COLUMBUS EMERGENCY GROUP, LLC;<br>SYLVA EMERGENCY GROUP, LLC;<br>JONES LAKE EMERGENCY GROUP, LLC;<br>SWAIN INTEGRATED SERVICES, PC; and<br>ALLEGHANY EMERGENCY GROUP, LLC;<br><br>                Plaintiffs,<br><br>    v.<br><br>BLUE CROSS AND BLUE SHIELD OF<br>NORTH CAROLINA,<br><br>                Defendant. | ORDER |

This matter is before the court on plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c). (DE 19). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, the motion is granted, and the case is remanded to Columbus County Superior Court. Accordingly, the court does not reach defendant's motion to dismiss for failure to state a claim. (DE 16).

## STATEMENT OF THE CASE

Plaintiffs commenced this tort action November 17, 2023, in the Superior Court of Columbus County, North Carolina, asserting claims for unjust enrichment under North Carolina common law, for violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, ("UDTPA"), and for punitive damages, alleging that defendant had failed adequately to pay for emergency medical services rendered to defendant's insureds.

1

Defendant removed to this court November 17, 2023, on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446. Defendant asserts in its notice of removal that plaintiffs' claims arise under the laws of the United States, specifically the No Suprises Act, 42 U.S.C. §§ 300gg-111, which provides for an independent dispute resolution ("IDR") process, to resolve certain disputes between providers of emergency medical services and insurers. In furtherance of their motion to remand, plaintiffs contend their well-pleaded complaint raises no federal question, and the case should be returned to state court.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiffs are emergency medicine groups which contract with hospitals in North Carolina to provide treatment for patients in need of emergency care. (Compl. ¶ 1). Between January 7, 2022, and June 30, 2022, plaintiffs provided emergency medical services to 62 patients insured by defendant. (Id. ¶¶ 18-580). Plaintiffs billed between $256.00 (id. ¶ 36) and $5,057.00 (id. ¶ 45) for services to each patient, but defendant issued explanations of benefits indicating it would pay much less, between $24.17 (id. ¶ 574) and $503.59. (Id. ¶ 48). Plaintiffs submitted each dispute to IDR entities possessing authority under 42 U.S.C. § 300gg-111(c)(5)(E) to issue binding determinations. (Id. ¶ 3-5). Those IDR entities issued decisions directing defendant to pay between $1.00 (id. ¶ 86) and $1,497.00 (id. ¶ 50) to plaintiffs, but defendant refused to pay these amounts. (See, e.g., id. ¶¶ 24-26, 33-35, 42-44).

# COURT'S DISCUSSION

A. Motion to Remand

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]t is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008).

Under the federal removal statute, "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Here, there is no allegation of diversity of citizenship between the parties. "Accordingly, the propriety of removal depends on whether the case falls within the provisions of 28 U.S.C. § 1331," Mulchaney v. Columbia Organic Chemicals, Inc., 29 F.3d 148, 151 (4th Cir. 1994), which specifies that a federal district court's federal question jurisdiction comprises "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). This means that the "plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. Accordingly, the "first step" in examining the complaint "is to discern whether federal or state law creates the cause of

action." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005).[1] This usually ends the inquiry, because "the vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

However, even "where a claim finds its origins in state rather than federal law," there exists "a special and small category of cases in which [federal question] jurisdiction still lies." Gunn v. Minton, 568 U.S. 251, 258 (2013). A case belongs to this special category when a moving party shows that the "federal issue is 1) necessarily raised, 2) actually disputed, 3) substantial, and 4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. "Federal jurisdiction will lie only if a case meets all four requirements." Pressl v. Appalachian Power Co., 842 F.3d 299, 303 (4th Cir. 2016). "The mere presence of a federal issue in a state cause of action is not enough to confer jurisdiction," and "courts are to be cautious in exercising jurisdiction of this type." Burrell v. Bayer Corp., 918 F.3d 372, 380 (4th Cir. 2019); see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 313 (2005) ("[E]ven when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto.").

Here, defendant argues that the case raises a federal question under Gunn. The court addresses as follows the four elements of jurisdiction under the Gunn standard.

1. Necessarily Raised

The instant case fails to fulfill the requirement that a federal issue necessarily is raised. "[A] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue."

---

[1] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 182 (4th Cir. 2014) (emphasis in original). "In other words, if the plaintiff can support [the] claim with even one theory that does not call for an interpretation of federal law, [the] claim does not arise under federal law for purposes of § 1331." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 818 (4th Cir. 2004).

Neither plaintiffs' claims for unjust enrichment nor under the UDTPA call for interpretations of federal law. "In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party, and the benefit must not be gratuitous and it must be measurable." Krawiec v. Manly, 370 N.C. 602, 615 (2018). Plaintiffs allege that they treated patients insured by defendant, thereby conferring benefits on defendant, which were billed at definite rates, and that they were not compensated adequately for those services. (See, e.g., compl. ¶¶ 18, 27, 36). None of the elements of plaintiffs' unjust enrichment claim necessarily raise an issue of federal law.

With regard to the UDTPA, "establishing a prima facia claim . . . requires a plaintiff to show 1) defendant committed an unfair or deceptive act or practice, 2) the action in question was in or affecting commerce, and 3) the act proximately caused injury to the plaintiff." Value Health Solutions, Inc. v. Pharmaceutical Research Associates, Inc., 385 N.C. 250, 277 (2023). Here, too, no elements require resolution of a federal issue.

Defendant argues that where plaintiffs' claims are premised on a theory that defendant owes money, resolving the claims will require the court to decide whether plaintiffs were "validly awarded" the amounts assertedly owed, "whether the IDR's awards are enforceable," and whether federal law allows recovery through the courts. (DE 25 at 5). First, defendant conflates the general legal elements of the state law claims asserted with the specific facts of this case. Whether an act is unfair or deceptive for purposes of the UDTPA, for example, "is a question of law for the court"

which is decided by examining whether "it is unethical or unscrupulous, [or] has a tendency to deceive," Dalton v. Camp, 353 N.C. 647, 656 (2001), and does not involve any of the questions that defendant contends are essential. Second, to the extent that this case involves questions of federal law, they arise as defenses to the claims. "A defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharmaceuticals Inc., 478 U.S. at 808.

Old Dominion Electric Cooperative v. PJM Interconnection, LLC, 24 F.4th 271, 281 (2022), which defendant cites, is not to the contrary. There, the plaintiff electric company sought to recover "the precise amount" it sought in previous unsuccessful administrative proceedings before the Federal Energy Regulatory Commission. Id. at 278. The United States Court of Appeals for the Fourth Circuit held that where plaintiff sought "to alter the terms of the relationship set forth in [a] federally filed" tariff, its "objective necessarily present[ed] a federal question." Id. at 284. Where the instant plaintiffs recognize the validity of the IDR proceedings, (see Compl. ¶¶ 2, 4-6), they do not seek to alter any federally established relationship. Accordingly, no federal issues necessarily are raised as part of this action.

    2.    Substantiality

In addition and in the alternative, the federal issues presented in this case fail to fulfill Gunn's substantiality requirement. "[T]hat inquiry looks to the importance of the issue to the federal system as a whole and the broader significance of the question for the Federal Government." Old Dominion Electric Cooperative, 24 F.4th at 289. In general, "a nearly pure issue of law, the resolution of which would establish a rule applicable to numerous . . . cases" is substantial, while a "fact-bound and situation-specific" issue is not. Empire Healthchoice Insurance, Inc. v. McVeigh, 547 U.S. 677, 681 (2006). The Fourth Circuit previously has held that the resolution of questions requiring "fact-intensive inquiries into [defendant's] compliance

6

with certain [federal] requirements" was not "substantial in the relevant sense." Burrell, 918 F.3d at 385. That court also found that claims which were "purely backward-looking, limited to monetary relief for [defendant's] alleged past non-compliance with federal . . . standards" were not substantial enough to give rise to federal question jurisdiction. Id.

Plaintiffs' claims are retrospective. All the services at issue are alleged to have been provided on or before June 30, 2022, at which time interim final rules governed the IDR process. See Requirements Related to Surprise Billing; Part II, 86 Fed. Reg. 55,980, 55,987 (to be codified at 26 C.F.R. pt. 54). On August 26, 2022, final rules instructing arbitrators to consider a wider variety of factors were promulgated. See Requirements related to Surprise Billing, 87 Fed. Reg. 52,618, 52,634 (to be codified at 26 C.F.R. pt. 54). In addition, both the interim final and final rules were subject to substantial revision in the United States District Court for the Western District of Texas, with the result that future IDR proceedings will bear even less similarity to those conducted by the instant parties. See Texas Med. Ass'n v. United States Dep't of Health and Hum. Servs, 587 F. Supp. 3d 528, 549 (W.D.T.X. 2022) (vacating certain provisions of the interim final rules on the grounds that they required arbitrators to ignore factors required by statute to be considered); Texas Med. Ass'n v. United States Dep't of Health and Hum. Servs, 654 F. Supp. 3d 575, 595 (W.D.T.X. 2023) (vacating certain provisions of the final rule on the grounds that it imposed restrictions on arbitrator discretion that did not appear in the statute); Texas Med. Ass'n v. United States Dep't of Health and Hum. Servs, 6:22-cv-450, 2023 WL 5489028, at *19 (Aug. 24, 2023) (vacating rules determining how a vital input was calculated). The parties' dispute therefore involves a version of a regulatory scheme that has no continuing force and therefore is of limited value for resolving future disputes.

Defendant argues that the purpose of the No Surprises Act would be undermined if doctors were permitted to seek reimbursement outside the federal regulatory scheme. This argument is unmoored from the facts alleged in the complaint. Where plaintiffs allege that they submitted 62 disputes to federally certified IDR entities, which rendered decisions occupying a middle ground between plaintiff's billed amount and the sum defendant paid, it is not reasonable to infer plaintiffs are attempting to circumvent the federal regulatory scheme. (See, e.g., compl. ¶¶ 23, 32, 41). Accordingly, this action does not involve a substantial federal question.

B.     Motion to Dismiss

Where neither federal question nor diversity jurisdiction exists in this case, the court may not adjudicate defendant's motion to dismiss. See Anne Arundel County, Maryland v. BP P.L.C., 94 F.4th 343, 350-51 (4th Cir. 2024).

## CONCLUSION

Based on the foregoing, plaintiffs' motion to remand (DE 19) is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Superior Court of Columbus County for further proceedings. The clerk is DIRECTED to transmit to the Superior Court of Columbus County a certified copy of this order of remand, and to file on the docket herein a notice of such transmittal.

SO ORDERED, this the 29th day of March, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge